## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

_____
                                                                  )
IN RE YASMIN AND YAZ (DROSPIRENONE))        3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND       )
PRODUCTS LIABILITY LITIGATION          )        MDL No. 2100
_____  )
                                                                            ORDER GRANTING
                                                                            VOLUNTARY DISMISSAL

**This Document Relates to:** *Amy Grismore v. Bayer Corp., et al.,* No. 10-cv-12850

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for voluntary dismissal without prejudice (Doc. 16). On or about September 30, 2010, plaintiff Amy Grismore, filed this action alleging personal injuries (Doc. 2). Defendants answered plaintiff's complaint (Doc. 9), and shortly after submitting a Plaintiff Fact Sheet, plaintiff decided to dismiss her case.

Pursuant to the motion to dismiss, plaintiff's counsel notified defendants that plaintiff Amy Grismore had decided to dismiss her case and requested that defense counsel agree to a dismissal without prejudice and without costs. However, defendants have refused to stipulate to a dismissal without prejudice. Plaintiff now moves this Court pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) for a dismissal without prejudice and costs. Plaintiff's motion for voluntary dismissal was filed on August 30, 2011 (Doc. 15). To date, defendants have not responded to the motion.

## I.     ANALYSIS

### A.     Right to Voluntary Dismissal Under Rule 41(a)(1)(i)

Rule 41(a)(1)(i) authorizes a plaintiff to dismiss an action on his or her own without seeking a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" Fed. R. Civ. P. 41(a)(1)(i). Rule 41(a)(1)(i) is to be read literally and thus, service of either an answer or a motion for summary judgment terminates the plaintiff's right to walk away from the case at its discretion. *See Marlow v. Winston & Strawn*, 19 F.3d 300 (7th Cir. 1994); *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983).

Generally, a voluntary dismissal without prejudice should be allowed unless the opposing party will suffer "plain legal prejudice."   *Stern v. Barnett*, 452 F.2d 211(7th Cir. 1971). Four factors are used to guide the determination of whether a defendant will suffer plain legal prejudice: "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] the fact that a motion for summary judgment has been filed by the defendant." *Outboard Marine*, 789 F.2d at 502 (*quoting Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir.1969).

The Seventh Circuit has held that the mere prospect of a second lawsuit in state court does not constitute plain legal prejudice and is therefore not grounds for denying a motion for voluntary dismissal under Rule 41(a)(2).  *See e.g.*

*Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir.1983) ("the prospect of a second lawsuit or the creation of a tactical advantage is insufficient to justify denying the plaintiff's motion to dismiss."); *Stern v. Barnett*, 452 F.2d 211 (7th Cir. 1971) ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337-38 (7th Cir.1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court). Plain legal prejudice, however, is present where dismissal without prejudice would strip defendant of an absolute defense. *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.Appx. 498, 500 (7th Cir. 2007).

In the instant case, the member action seeking voluntary dismissal is in the relatively early stages of litigation and there has not been a lack of diligence on the part of plaintiff. Further, there is no indication that dismissal would deprive the defendants of an absolute defense. In addition, defendants have failed to respond to plaintiff's motion and have not filed a motion for summary judgment. Accordingly, the Court grants plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2).

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion for voluntary dismissal without prejudice (Doc. 15).

**IT IS SO ORDERED.**

Signed this 21st day of December, 2011.

David R. Herndon
2011.12.21 13:45:30
-06'00'

**Chief Judge**
**United States District Court**